TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
RICHARD SPIRRA (SBN: 106361)
rspirra@grsm.com
JONI B. FLAHERTY (SBN: 272690)
jflaherty@grsm.com
PATRICK J. MULKERN (SBN: 307272)
pmulkern@grsm.com
GORDON REES SCULLY MANSUKHANI
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7441
Facsimile:  (619) 696-7124

Attorneys for Defendant
GRIMMWAY ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH HICKS, an Individual on behalf of herself and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>GRIMMWAY ENTERPRISES, INC., a Corporation with Headquarters in California, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. '22CV2038 JLS DDL<br><br>**DEFENDANT GRIMMWAY ENTERPRISES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY JURISDICTION – CAFA)**<br><br>*Removed from the Superior Court of California, San Diego County, Case No. 37-2022-00038827-CU-BT-CTL*<br><br>Complaint Filed:  Sept. 29, 2022<br>FAC Filed:         Nov. 22, 2022 |

-1-
DEFENDANT GRIMMWAY'S NOTICE OF REMOVAL

Defendant Grimmway Enterprises, Inc. ("Grimmway") hereby removes to this Court the action entitled *Hicks v. Grimmway Enterprises, Inc.*, Case Number 37-2022-00038827-CU-BT-CTL, from the Superior Court of the State of California for the County of San Diego. As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453. In support of removal, Grimmway states as follows:

### I.   BACKGROUND

1. On September 29, 2022, Plaintiff Elizabeth Hicks filed a complaint entitled *Hicks v. Grimmway Enterprises, Inc.*, Case Number 37-2022-00038827-CU-BT-CTL, in the Superior Court of the State of California for the County of San Diego (hereinafter the "State Court Action").  *See* Exhibit A ("Compl.").[1]  The State Court Action is a putative class action. Plaintiff alleges throughout the four years prior to the filing of this action, Grimmway advertised, and continues to advertise, false information related to its sustainable agriculture processes.  *Id.* at ¶¶2-4.  Plaintiff further alleges that she represents a class of consumers who were misled by such statements.  *Id.* at ¶¶29-32.

2. On November 22, 2022, Plaintiff amended her complaint to allege, *inter alia*, that the class of consumers she represents includes "**any out of state resident** in the state of California and who purchased Grimm way goods/products, for personal use and not for resale, or during the time period from September 30, 2018, through the present (the 'Class')."  *See* Exhibit F ("Am. Compl.") at ¶30 (emphasis added).

///

///

---

[1] In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed in the Superior Court of the State of California for the County of San Diego, and all pleadings, process, and orders served on, or obtained by, Defendant are attached to the concurrently filed declaration of Timothy K. Branson.

Gordon & Rees Scully Mansukhani LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

3. Conversely, in the original complaint filed on September 29, 2022, Plaintiff defined the class as follows: "All persons residing in the State of California who purchased Grimmway goods/products, for personal use and not for resale, during the time period from September 7, 2018, through the present (the 'Class')." Ex. A (Compl.) at ¶30. Plaintiff amended her complaint to expressly include non-resident purchasers in the class definition. *Cf.* Ex. F (Am. Compl.) at ¶30.

4. Plaintiff claims that such practices constitute untrue or misleading advertising under California's False Advertising Law, California Business & Professions Code § 17500, *et seq.*, unfair competition under Business & Professions Code § 17200 *et seq.*, and California Civil Code § 1750, *et seq.*

5. Plaintiff's Amended Complaint seeks to certify the following class, "All persons either (1) residing in the state of California, or (2) any out of state resident in the state of California and who purchased Grimm way goods/products, for personal use and not for resale, or during the time period from September 30, 2018, through the present (the 'Class'). *See Sullivan v. Oracle Corp.*, 51 Cal.4th 1191." Ex. F (Am. Compl.) at ¶30.

6. Grimmway is the only named defendant in the State Court Action. The defendants designated as DOES 1 through 100 are fictitious defendants, are not parties to the action, have not been named or served, and are therefore properly disregarded for removal purposes. 28 U.S.C. § 1441(a); *McCabe v. Gen. Foods, Inc.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

7. This Notice of Removal is timely, as less than thirty days have passed since service of the Amended Complaint on Grimmway, which gave rise to information supporting removal. 28 U.S.C. § 1446(b); *Roth v. CHA Hollywood Center, L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013).

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2).

-3-
DEFENDANT GRIMMWAY'S NOTICE OF REMOVAL

9. Removal to the United States District Court for the Southern District of California is proper pursuant to 28 U.S.C. §§ 84(a) and 1391(a) because the State Court Action was filed in San Diego County.

## II.   INTRADISTRICT ASSIGNMENT

10. Plaintiff filed this case in the Superior Court of the State of California for the County of San Diego. Therefore, this case may properly be removed to the Southern District of California. *See* 28 U.S.C. § 1441(a).

## III.   THIS CASE IS REMOVABLE UNDER CAFA

11. Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

12. This Court has jurisdiction over this action pursuant to CAFA, and this case may be removed by Grimmway pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class is alleged to contain "thousands to hundreds of thousands" of members based on units sold in California (*see* Ex. F (Am. Compl.) at ¶31); (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and the defendant. 28 U.S.C. §1332(d).

13. As a preliminary matter, Grimmway denies that it has any liability to Plaintiff or to the class she seeks to represent, denies that Plaintiff is an adequate class representative for the class that she seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover any of the damages or other relief requested in the Amended Complaint. Grimmway also submits that the Amended Complaint's allegations do not satisfy the requirements for class

-4-
DEFENDANT GRIMMWAY'S NOTICE OF REMOVAL

certification. That said, based on the allegations as pled in the Complaint, which must be considered true for purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

**A.  The Proposed Class Contains Many Thousands of Members.**

14.  Plaintiff seeks to represent a class consisting of "thousands of persons" and that "[t]he Class is sufficiently numerous because, based on information and belief, thousands to hundreds of thousands of units of the Grimmway Products have been sold in the state. *See* Ex. F (Am. Compl.) at ¶31.

**B.  Grimmway Is Not A State, State Official, or Other Government Entity.**

15.  Grimmway is not a state, state official, or other governmental entity.

**C.  The Amount-In-Controversy Requirement is Satisfied.**

16.  To satisfy the amount in controversy, Grimmway need only establish that Plaintiff's putative class claims exceed the jurisdictional amount by a preponderance of the evidence. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("[T]he proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.").

17.  Plaintiff in her amended complaint seeks restitution of monies paid to Grimmway, disgorgement of profits, compensatory damages in the form of a price premium in an unspecified amount, punitive damages and attorneys' fees.

18.  The purported class is "(a)ll persons either (1) residing in the state of California, or (2) any out of state resident in the state of California and who purchased Grimmway goods/products, for personal use and not for resale, or during the time period from September 30, 2018, through the present (the 'Class'). Plaintiff further alleges that Grimmway has sold "thousands to hundreds of thousands" of units of Grimmway products in California during the class period.

///

///

19. Over the alleged four-year class period from September 30, 2018 to present, Grimmway's sales in California exceed $5,000,000 each year.[2] Therefore, the amount of controversy as alleged by Plaintiff well exceeds the $5,000,000 requirement under CAFA.

**D.   The Minimal Diversity Requirement Is Satisfied.**

20. While diversity removal normally requires complete diversity between plaintiffs and defendants, removal of a putative class action under CAFA requires only "minimal diversity" – *i.e.*, that at least one plaintiff be diverse from one defendant. 28 U.S.C. § 1332(d)(2)(A).

21. As explained above, the putative class alleged in this case includes "any out of state resident in the state of California and who purchased Grimmway goods/products, for personal use and not for resale, or during the time period from September 30, 2018, through the present (the 'Class')." Ex. F (Am. Compl.) at ¶30.

22. Named plaintiff Elizabeth Hicks is, upon information and belief, a citizen of California. Ex. F (Am. Compl.) at ¶5.

23. Defendant Grimmway Enterprises, Inc. is a Delaware corporation with its headquarters in Bakersfield, California. Grimmway is the world's largest producer of carrots, which it sells internationally and in each of the 50 states. Grimmway sells its products to non-California residents in California, and is carried in major retailers including Whole Foods, Smart & Final, Safeway, Ralph's, and Albertsons. Grimmway's products can be found at retailers located near the California state lines at stores frequented by non-residents.

///
///
///

---

[2] If necessary, Grimmway can produce evidence of its California sales under seal or *in camera* to avoid the disclosure of private information on the public docket.

-6-
DEFENDANT GRIMMWAY'S NOTICE OF REMOVAL

24. In the Amended Complaint, Plaintiff has expressly included "out of state resident(s)" (*see* Ex. F (Am. Compl.) at ¶30) as part of the class definition, an allegation that was specifically added to the Amended Complaint and not included in the original Complaint. This deliberate allegation by Plaintiff supports removal under CAFA, as minimal diversity is established through Plaintiff's expansion of the class definition to include non-resident class members.

25. Accordingly, all the jurisdictional requirements for CAFA removal are satisfied.

## IV. CONCLUSION

26. For the reasons stated above, removal pursuant to CAFA, 28 U.S.C. § 1332(d)(2), is appropriate.

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of San Diego.

28. Pursuant to 28 U.S.C. § 1446(d), Grimmway is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel.

29. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served on Grimmway are being filed with the Court contemporaneously with this Notice of Removal, as Exhibit 1.

30. By filing this Notice of Removal, Grimmway does not waive any jurisdictional objection or other defenses available to it under the law.

31. Grimmway does not concede in any way that the allegations in Plaintiff's Complaint are accurate, or that Plaintiff is entitled to compensatory or statutory damages, attorney fees, or any other relief, or that class treatment is appropriate for this case.

///

///

///

WHEREFORE, Grimmway removes this action to this Court from the Superior Court of the State of California for the County of San Diego.

Dated: December 22, 2022

GORDON REES SCULLY MANSUKHANI

By: /s/ *Timothy K. Branson*
Timothy K. Branson
Richard Spirra
Joni B. Flaherty
Patrick J. Mulkern
Attorneys for Defendant
GRIMMWAY ENTERPRISES, INC.