UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH HICKS, an Individual on behalf of herself and all others similarly situated and the general public,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC., a Corporation with Headquarters in California; and DOES 1–100, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-CV-2038 JLS (DDL)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**<br><br>(ECF No. 2) |

　　　Presently before the Court is Defendant Grimmway Enterprises, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 ("Mot.," ECF No. 2). Plaintiff Elizabeth Hicks filed a Response in Opposition to ("Opp'n," ECF No. 10), and Defendant filed a Reply in Support of ("Reply," ECF No. 12), the Motion. Having considered the Parties' briefing and the law, the Court **DENIES** Defendant's Motion.

## BACKGROUND

　　　In this putative class action, Plaintiff alleges that Defendant, a California agricultural corporation, misrepresented the environmental impact of its farming practices through its advertising and "Inaugural Report on Environmental, Social and Governance Actions"

("ESG Report"). *See* First Amended Complaint ("FAC," ECF No. 1-8) ¶¶ 1–4, 19–26. Specifically, Plaintiff alleges that Defendant's statements about "regenerative farming," its Environmental, Social, and Governance ("ESG") commitments, and "preserving natural resources" were "false, deceptive, and misleading." *Id.* ¶¶ 15–16. According to Plaintiff, Defendant's "method of growing its goods is causing severe harm to the ecosystem, and to its neighbors and communities." *Id.* ¶ 3. Plaintiff purports to represent a class of consumers who "would not have purchased (or would not have paid a premium)" for Defendant's products had they known of Defendant's allegedly misleading statements. *Id.* ¶ 16. The FAC asserts three causes of action: (1) false advertising in violation of California Business & Professions Code §§ 17500 *et seq.*, FAC ¶¶ 43–48; (ii) "unlawful, unfair, or fraudulent" business practices in violation of California Business & Professions Code §§ 17200 *et seq.*, FAC ¶¶ 49–60; and (3) violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750 *et seq.*, FAC ¶¶ 61–69.

Plaintiff initiated this putative class action by filing a complaint in the Superior Court of San Diego County on September 29, 2022. ECF No. 1-3. The initial complaint limited the proposed class to California residents. *See id.* ¶ 30. On November 22, 2022, however, Plaintiff filed the FAC, which expanded the proposed class to include "any out of state resident in the state of California . . . who purchased Grimmway goods/products." FAC ¶ 30. Defendant then removed the case to this Court on December 22, 2022, contending that the FAC's expanded class definition resulted in minimal diversity between the Parties such that removal was appropriate pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). *See* Notice of Removal ("Not. of Removal," ECF No. 1) ¶¶ 11–25.

Defendant filed the instant Motion on December 23, 2022, requesting that this Court transfer Plaintiff's putative class action to the United States District Court for the Eastern District of California, where Defendant is headquartered. Memorandum of Points and Authorities in Support of Defendant Grimmway Enterprises, Inc.'s Motion to Transfer

///

///

Pursuant to 28 U.S.C. § 1404 ("Mem.," ECF No. 2-1) at 7–14.[1] Defendant concurrently filed a Motion to Strike Pursuant to California Code of Civil Procedure § 425.16. *See* ECF No. 3. Thereafter, Plaintiff filed a Motion to Remand the putative class action back to state court, as well as a Motion to Amend the Operative Complaint and a Motion for Jurisdictional Discovery. *See* ECF Nos. 7, 8, 9. This Order solely addresses Defendant's Transfer Motion.[2]

## LEGAL STANDARD

Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For purposes of venue, an individual "shall be deemed to reside in the judicial district in which that person is domiciled," *id.* § 1391(c)(1), and a business entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," *id.* § 1391(c)(2). If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a).

Even where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

[2] This Court, in its discretion, has opted to rule on Defendant's Motion to Transfer prior to Plaintiff's Motion to Remand. *Pantel v. Gen. Motors LLC*, No. CV 19-7350-MWH-KS, 2019 WL 5565962, at *4 (C.D. Cal. Oct. 29, 2019) ("[T]he Court has the discretion to rule on the Transfer Motion prior to the Remand Motion, and . . . there are numerous examples of courts in the Ninth Circuit ruling on motions to transfer prior to motions to remand." (citing *Pub. Emps.' Ret. Sys. of Miss. v. Stanley*, 605 F. Supp. 2d 1073, 1074 (C.D. Cal. 2009); *Core Litig. Tr. ex rel. Kravitz v. Apollo Glob. Mgmt., LLC*, No. 2:17-CV-00927-JFW(AGRx), 2017 WL 3045919, at *3 (C.D. Cal. Apr. 5, 2017); *Carrera v. 1st Am. Home Buyers Prot. Co.*, No. CV-11-0242-GHK(FFMx), 2012 WL 13012698, at *2 (C.D. Cal. Jan. 24, 2012))); *see also Hoptowit v. Spellman*, 753 F.2d 779, 782 (9th Cir. 1985) ("Surely, when two or three motions are presented to a court, it has discretion to decide the order in which it would consider and decide them. A party claiming abuse of that discretion has a heavy burden of persuasion."). Orders on Defendant's Motion to Strike and Plaintiff's Motion to Remand, Motion to Amend the Operative Complaint, and Motion for Jurisdictional Discovery will issue separately in due course.

division where it might have been brought." *Id*. § 1404(a). "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)). Although § 1404 was modeled after the doctrine of forum non conveniens, "[t]he Supreme Court has noted that section 1404(a) transfer is available 'upon a lesser showing of inconvenience' than that required for a Forum non conveniens dismissal." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

In the Ninth Circuit, motions to transfer pursuant to § 1404 are decided on a case-by-case basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The moving party bears the burden of showing that transfer is appropriate. *Commodity Futures Trading Comm'n*, 611 F.2d at 279. The Court may consider several relevant factors in determining whether transfer is appropriate, including:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1040 (N.D. Cal. 2020); *see also Jones*, 211 F.3d at 498–99 (listing the following relevant factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof").

///

# DISCUSSION

Despite Plaintiff contending elsewhere that this action should be remanded to state court, *see* ECF No. 7, there is no dispute, in relation to the present Motion, that both the Southern and Eastern Districts are proper venues, *see* Mem.; Opp'n. Accordingly, the only question for the Court is whether transferring the case to the Eastern District would serve the convenience of the Parties and the interests of justice.

Defendant requests that this Court transfer Plaintiff's class action to the Eastern District because Defendant's farming activities, as well as the environment allegedly harmed by said activities, are in the Eastern District. Mem. at 5. Moreover, "essentially all of the witnesses (both party and non-party) and evidence (both documentary and physical) [are] located in the Eastern District." *Id.* Plaintiff, on the other hand, argues that there is a "strong presumption" in favor of Plaintiff's choice of venue. Opp'n at 4. Plaintiff further argues that Defendant would be "minimally impacted (or not impacted at all)" by maintaining the action in the Southern District, but it would be "extremely inconvenient" for Plaintiff, who resides in San Diego County, to litigate this action in the Eastern District. *Id.* at 5.

Having analyzed the factors established by the Ninth Circuit, the Court concludes that transferring this action to the Eastern District is not appropriate.

## I. Plaintiff's Choice of Forum

"The general rule is that a plaintiff's choice of forum is afforded substantial weight." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). "[W]hen an individual brings a derivative suit or represents a class," however, "the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district." *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010). Yet, even in class actions, "in determining the appropriate amount of deference to accord plaintiff's choice of forum, courts consider the extent of the parties' contacts with

the chosen forum, including contacts relating to the plaintiff's cause of action." *Epic Games, Inc.*, 435 F. Supp. 3d at 1041 (citing *Lou*, 834 F.2d at 739). "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Lou*, 834 F.2d at 739.

Here, Plaintiff purports to represent "[a]ll persons . . . residing in the state of California, or . . . any out of state resident in the state of California[,] . . . who purchased Grimmway goods/products, for personal use and not for resale, . . . during the time period from September 30, 2018, through the present." FAC ¶ 30. Because Plaintiff is purporting to represent a nationwide class of consumers, Plaintiff's choice of venue is entitled to less weight than it is generally accorded in assessing motions to transfer. *Lou*, 834 F.2d at 739; *see also Skelton v. Care.com, Inc.*, No. 320CV02086AJBDEB, 2021 WL 5862447, at *8 (S.D. Cal. Aug. 17, 2021) ("[T]his case is a putative nationwide class action, and so, Plaintiff's choice of forum is accorded less weight.").

On the other hand, there is no evidence that Plaintiff has engaged in forum shopping. Plaintiff is a resident of San Diego County, FAC ¶ 5, and, by all accounts, intended to litigate this action in the Superior Court for San Diego County, *see* FAC; ECF No. 7. Moreover, Defendant has significant contacts with the Southern District. While the majority of Defendant's operations occur in the Eastern District, Defendant owns two farming facilities and twenty-nine ranches in the Southern District. *See* Mem. at 9. Defendant sells its goods in the Southern District, and Plaintiff alleges she "purchased the majority of the Grimmway goods within San Diego County." FAC ¶ 14. Accordingly, both Plaintiff and Defendant have significant contacts with the Southern District that are relevant to Plaintiff's claims.

In light of these considerations, the Court finds that Plaintiff's choice of forum weighs against transferring the case to the Eastern District. The weight accorded to this factor is not significant, as Plaintiff purports to represent a nationwide class of consumers,
/ / /

but neither is it minimal, as both Parties have significant contacts with the Southern District and there is no evidence of forum shopping.

## II. Convenience of the Parties

Next, "[t]he Court considers the convenience of the forum and the forum contacts of both the parties and witnesses." *Romoff v. Johnson & Johnson Consumer Inc.*, No. 22CV75-LL-WVG, 2022 WL 3905301, at *3 (S.D. Cal. Aug. 26, 2022). "[C]ourts generally give less consideration to the convenience of party witnesses or witnesses employed by a party because these witnesses can be compelled by the parties to testify regardless of where the litigation will occur." *Epic Games, Inc.*, 435 F. Supp. 3d at 1042. The Court also notes that "Section 1404(a) provides for transfer to a more convenient forum, 'not to a forum likely to prove equally convenient or inconvenient.'" *Imran v. Vital Pharms., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *4 (N.D. Cal. Apr. 5, 2019) (quoting *Adobe Sys. Inc. v. Childers*, No. 5:10-CV-03571 JF/HRL, 2011 WL 566812, at *9 (N.D. Cal. Feb. 14, 2011)). "Transfer 'should not be granted if the effect is simply to shift the inconvenience to the plaintiff.'" *Id.* (quoting *Adobe Sys. Inc.*, 2011 WL 566812, at *9).

Defendant argues that "because the ESG Report itself was developed in the Eastern District, and the actions and effects of Grimmway that Plaintiff takes issue with have all occurred in the Eastern District, transfer is appropriate for the convenience of the parties." Mem. at 10. According to Defendant, "[a]lmost none of Grimmway's employees, records, or operations related to the Challenged Statements are located in the Southern District." *Id.* at 9. Plaintiff argues that the Eastern District is "extremely inconvenient" for her, as she resides in San Diego County and has no contacts with the Eastern District. Opp'n at 5. Moreover, according to Plaintiff, "[a]ll of the events which formed the basis for her complaint occurred in San Diego County." *Id.*

Here, the Court finds that the convenience of the Parties weighs slightly against transfer. As discussed above, both Parties have significant contacts with the Southern District. *Supra* pp. 5–6. Plaintiff is a resident of the Southern District, and Defendant

grows and sells products in the Southern District. *Supra* pp. 5–6. On the other hand, Defendant's advertising decisions and ESG Report originated in the Eastern District, and most of the employees involved in those aspects of Defendant's operations are located in the Eastern District. Mem. at 10; *see also* Declaration of Sara Oliver in Support of Defendant Grimmway Enterprises, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 ("Oliver Decl.," ECF No. 2-2) ¶¶ 5–8.[3] While less consideration is afforded to the convenience of such employees, as they may be compelled to testify regardless of the venue in which the action is litigated, *Epic Games, Inc.*, 435 F. Supp. 3d at 1042, any inconvenience posed by the Eastern District to Plaintiff is similarly discounted.

Ultimately, one Party will be inconvenienced by the designated venue. This, in conjunction with both Parties' significant contacts with the Southern District, weighs against transfer. The Court affords this factor minimal weight, however, as the convenience of the Parties and their witnesses is generally afforded less consideration than the convenience of non-party witnesses, and the majority of Defendant's employees likely to testify in this action are located in the Eastern District.

///

///

---

[3] Plaintiff objects to the cited portions of Ms. Oliver's declaration on the basis of lack of foundation and personal knowledge. *See* Plaintiff's Objection to the Declaration of Sara Oliver (ECF No. 10-3) at 4. The Court **OVERRULES** Plaintiff's objections. "Personal knowledge may be inferred from declarations that concern areas within the declarant's job responsibilities." *Silva v. AvalonBay Communities, Inc.*, No. LACV1504157JAKPLAX, 2015 WL 11422302, at *4 n.1 (C.D. Cal. Oct. 8, 2015). According to Defendant, Ms. Oliver is Defendant's "Chief People Officer," and "details regarding the scope and location of Grimmway's employees [are] . . . within her purview." Defendant Grimmway Enterprises, Inc.'s Response in Opposition to Plaintiff's Objections to the Declaration of Sara Oliver (ECF No. 12-2) at 2–3. Additionally, Ms. Oliver submitted a supplemental declaration confirming that she is "responsible for leading all aspects of human resources strategy and operations and [is] aware of the number of Grimmway employees and operational locations as well as their geographic distributions." Supplemental Declaration of Sara Oliver in Support of Defendant Grimmway Enterprises, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (ECF No. 12-1) ¶ 1. Such a showing is sufficient for the Court to infer that Ms. Oliver possesses personal knowledge of the location and responsibilities of Defendant's employees. To the extent the Court does not rely on evidence to which an evidentiary objection was raised, the Court **OVERRULES** the objections as moot.

### III. Convenience of the Witnesses

"The convenience of the witnesses, particularly non-party witnesses, is often the most important factor" in determining whether transfer is appropriate under § 1404(a). *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015). "[T]he Court should consider 'not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case.'" *Kannar v. Alticor, Inc.*, No. C-08-5505 MMC, 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009) (quoting *Steelcase, Inc. v. Haworth, Inc.*, No. CV 96-1364 JGD AJWX, 1996 WL 806026, at *3 (C.D. Cal. May 15, 1996)). "In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007); *see also Gherebi v. Bush*, 352 F.3d 1278, 1304 n.33 (9th Cir. 2003) ("The party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover."), *vacated on other grounds*, 542 U.S. 952 (2004).

Defendant reiterates that the ESG Report originated in the Eastern District and that "Grimmway's key operations and principals are located within the Eastern District." Mem. at 11–12. This factor, however, is concerned with the convenience of third-party witnesses, not the Parties' own witnesses or contacts with the preferred venue. Defendant fails to specify any non-party witnesses who would be inconvenienced by litigating this action in the Southern District. *See* Mem.; *Par Pharm., Inc. v. Fleming & Co., Pharms.*, No. 09CV0001-LAB (JMA), 2009 WL 10672226, at *4 (S.D. Cal. Sept. 18, 2009) ("The moving party . . . must be specific in advancing the argument that a forum is inconvenient for its witnesses: It must name them, state their location, and explain their testimony and its relevance to the case."). Plaintiff has also failed to identify any non-party witnesses who would be inconvenienced by transfer. *See* Opp'n.

///

///

Defendant does, however, note that experts "may" be called to testify on ESG reports generally and consumer reliance thereon, as well as Grimmway's environmental impact on the Eastern District. *See* Mem. at 11.  The Court acknowledges that non-party witnesses from the Eastern District—such as environmental and agricultural experts and public officials—could be called to testify in this action.  In the absence of specific names and locations of expert witnesses, however, the Court is unable to assess the inconvenience such potential witnesses may face.  Moreover, while Plaintiff's underlying environmental allegations certainly implicate Defendant's impact on the Eastern District, Plaintiff attacks Defendant's agricultural practices in general, which, as discussed above, also occur in the Southern District and elsewhere in California. *See* FAC ¶¶ 43–69.  Indeed, Plaintiff's FAC tends to focus on Defendant's alleged overdraft of the Cuyama Valley Groundwater Basin, *see* FAC ¶¶ 2–4, 20–26, which touches the Central and Eastern Districts of California, *see Groundwater Sustainability*, COUNTY OF SAN LUIS OBISPO, https://www.slocounty.ca.gov/Departments/Groundwater-Sustainability/Groundwater-Basins/Cuyama-Valley-Groundwater-Basin (last visited April 5, 2023) ("The basin overlies an area of approximately 147,200 acres (230 square miles) which extends into four counties, including San Luis Obispo County, Santa Barbara County, Kern County, and Ventura County.").  Accordingly, expert witnesses in this action may hail from across the state, or even outside of California.

In sum, the Court agrees with Defendants that many potential witnesses are likely located in the Eastern District, but Defendant fails to specify who those witnesses are, where they are located, and the relevancy of their testimony to the case.  Accordingly, "[t]hese components appear to offset, and the Court finds this factor is neutral." *Hawkins*, 924 F. Supp. 2d at 1216.

### IV. Ease of Access to the Evidence

Ease of access to evidence "is not a predominate concern in deciding venue as 'advances in technology have made it easy for documents to be transferred to different locations.'" *Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013)

(quoting *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009)).  The Court finds that much of the evidence in this case will consist of Defendant's internal communications, advertising, and business operations. Environmental reports will also likely play a significant role in this action.  Most, if not all, of this evidence will be comprised of electronically stored information, however, "which [is] relatively easy to obtain in any district." *Finjan, Inc. v. Sophos Inc.*, No. 14-CV-01197-WHO, 2014 WL 2854490, at *6 (N.D. Cal. June 20, 2014).  Accordingly, the Court concludes that this factor is neutral.

## V. Familiarity of Each Forum with the Applicable Law

Both districts are equally familiar with the applicable California law.  Accordingly, this factor is neutral.

## VI. Local Interest in the Controversy

"In evaluating the interests of justice, a court may consider the 'local interest in having localized controversies decided at home.'" *Imran*, 2019 WL 1509180, at *6 (quoting *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).  "[T]he Court begins from a presumption that this factor is neutral." *Esquer v. StockX, LLC*, No. 19-CV-05933-LHK, 2020 WL 3487821, at *6 (N.D. Cal. June 26, 2020).

Defendant argues that "[t]here would likely be considerable local interest in the controversy, as it asserts serious allegations of social and environmental irresponsibility by an Eastern District business with a direct impact on land and water usage in the region." Mem. at 14.  Plaintiff counters that "the claims at issue involve products that were dispersed by [Defendant] across the state" and "the class is composed of consumer[s] who live all across the state." Opp'n at 8.

Here, the Court finds that both fora have an interest in this litigation.  Defendant is headquartered in the Eastern District, and Plaintiff's primary environmental concerns appear to revolve around Defendant's overdraft of the Cuyama Valley Groundwater Basin, which touches the Eastern District. *See* FAC ¶¶ 2–4, 6, 20–26.  On the other hand, Plaintiff resides and purchased Defendant's goods in the Southern District, and Defendant has

significant agricultural operations located in the Southern District. *Supra* p. 6. Moreover, Defendant's advertising and marketing efforts were applicable to residents in both districts. Thus, while the Eastern District has an interest in regulating the conduct of local businesses, the Southern District has an interest in protecting its consumers. Both districts have an interest in protecting their local environment.

In short, the scales are balanced. Consequently, the Court finds this factor to be neutral. *See Olosoni v. HRB Tax Grp., Inc.*, No. 19-CV-03610-SK, 2019 WL 7576681, at *5 (N.D. Cal. Nov. 27, 2019) ("Courts considering a similar split of interests between fora have concluded that this factor is neutral.").

## VII. Other Factors

Defendant did not address any other factors the Court may consider in assessing a motion to transfer. *See* Mem. The only other factor addressed by Plaintiff is relative court congestion; however, Plaintiff concedes that "[b]oth Courts appear to have very congested dockets." Opp'n at 7. Accordingly, this factor is neutral. The Court finds that other factors assessed by district courts in deciding on motions to transfer are irrelevant to the instant action. Likewise, Plaintiff's offer to conduct "remote discovery" is not a factor that district courts weigh when assessing motions to transfer. *See Epic Games, Inc.*, 435 F. Supp. 3d at 1040 (N.D. Cal. 2020); *Jones*, 211 F.3d at 498–99.

## VIII. Weighing the Factors

Plaintiff's choice of forum weighs against transfer, and the convenience of the Parties slightly weighs against transfer. All other factors are neutral. Consequently, the Court concludes that transferring this case to the Eastern District would not serve the convenience of the Parties or the interests of justice.

/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion to Transfer (ECF No. 2).

**IT IS SO ORDERED.**

Dated: May 1, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge