UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH HICKS, an Individual on behalf of herself and all others similarly situated and the general public,<br><br>                                    Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC., a Corporation with Headquarters in California; and DOES 1–100, inclusive,<br><br>                                    Defendants. | Case No.: 22-CV-2038 JLS (DDL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT**<br><br>(ECF No. 27) |

      Presently before the Court is Defendant Grimmway Enterprises, Inc.'s Motion to Extend Time to Respond to Complaint ("Mot.," ECF No. 27). Defendant seeks to extend the time by which it must answer Plaintiff Elizabeth Hick's First Amended Complaint ("FAC," ECF No. 1-8) from June 26, 2023, to July 5, 2023. Memorandum of Points and Authorities in Support of Defendant Grimmway Enterprises, Inc.'s Motion to Extend Time to Respond to Complaint ("Mem.," ECF No. 27-1) at 2.

1

Federal Rule of Civil Procedure 6(b)(1) allows courts, for good cause, to extend the time in which an act must be completed "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Otherwise, such an extension may be granted "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Additionally, this District's Civil Local Rules provide that "[e]xtensions of time for answering, or moving to dismiss a complaint will only be secured by obtaining the approval of a judicial officer, who will base the decision on a showing of good cause." S.D. Cal. CivLR 12.1.

Here, on June 5, 2023, the Court denied Defendant's Motion to Strike the First, Second, and Third Causes of Action in Plaintiff's First Amended Complaint, and For Attorneys' Fees, Pursuant to Cal. Code Civ. P. § 425.16. *See* ECF No. 26. As Defendant notes, however, "[t]he Order on Grimmway's Motion to Strike did not specifically identify a date by which Grimmway was to answer or otherwise respond to the complaint." Mem. at 2.

The Court is unaware of any rule establishing the deadline by which a defendant must file a responsive pleading following the denial of a motion filed pursuant to California Code of Civil Procedure § 425.16, otherwise known as an "anti-SLAPP" motion. The Parties appear to be under the impression that a 21-day deadline applies to such a situation pursuant to Federal Rule of Civil Procedure 81. *See* ECF No. 27-3 at 1. That rule, however, establishes deadlines for filing a responsive pleading when the defendant did not answer before removal. *See* Fed. R. Civ. P. 81(c). Rule 81 says nothing about when a defendant must file a responsive pleading following the denial of an anti-SLAPP motion. *See id.*

Generally, there is a 14-day deadline to file a responsive pleading after the denial of a Rule 12 motion. *See* Fed. R. Civ. P. (a)(4)(A). But it is unclear whether an anti-SLAPP motion qualifies as, or is otherwise equivalent to, a Rule 12 motion. Unlike a standard Rule 12(f) motion to strike and many other Rule 12 motions, denials of anti-SLAPP motions are "immediately appealable pursuant to the collateral order doctrine," *DC Comics*

*v. Pac. Pictures Corp.*, 706 F.3d 1009, 1016 (9th Cir. 2013), and a defendant who prevails on an anti-SLAPP motion "shall be entitled to recover that defendant's attorney's fees and costs," Cal. Civ. Proc. Code § 425.16(c)(1).  Moreover, as the Court noted in its Order Denying Defendant's Motion to Strike, "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated," but "when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *concurrence amended*, 897 F.3d 1224 (9th Cir. 2018).

Defendant filed the instant Motion on June 26, 2023, which was more than 14 days but less than 21 days after the Court's Order Denying Defendant's Motion to Strike.  *See* Mot.  Accordingly, it is unclear whether a good cause standard or an excusable neglect standard applies.  Under either standard, however, the Court finds that Defendant's Motion to Extend Time to Respond to Complaint should be granted.  Simply put, if the Court cannot determine when the responsive pleading was due, Defendant should not be faulted for any delay in requesting additional time to file a responsive pleading.

Consequently, the Court **GRANTS** Defendant's Motion to Extend Time to Respond to Complaint.  Defendant must file its response to Plaintiff's FAC <u>on or before July 5, 2023</u>.

**IT IS SO ORDERED.**

Dated:  June 28, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge